Cite as: 598 U. S. ____ (2022)          1

# SUPREME COURT OF THE UNITED STATES

## DAVEL CHINN *v.* TIM SHOOP, WARDEN

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 22–5058.   Decided November 7, 2022

The petition for a writ of certiorari is denied.

JUSTICE JACKSON, with whom JUSTICE SOTOMAYOR joins, dissenting from the denial of certiorari.

This is a capital case involving a violation of *Brady* v. *Maryland*, 373 U. S. 83 (1963). There is no dispute that, during the capital trial of petitioner Davel Chinn, the State suppressed exculpatory evidence indicating that the State's key witness, Marvin Washington, had an intellectual disability that may have affected Washington's ability to remember, perceive fact from fiction, and testify accurately. When affirming on direct appeal, the Ohio Supreme Court said "[i]f the jury accepted Washington's testimony, the jury was certain to convict [Chinn], but if the jury did not believe Washington, it was certain to acquit [Chinn] of all charges." *State* v. *Chinn*, 85 Ohio St. 3d 548, 561, 709 N. E. 2d 1166, 1178 (1999). Similarly, the Ohio Court of Appeals said that Washington was the "key" and "main" witness against Chinn. *State* v. *Chinn*, 2001–Ohio–1550, 2001 WL 788402, *2, *8 (July 13, 2001). Yet, when confronted during state postconviction proceedings with the State's suppression of evidence that would have substantially impeached this key witness, the Ohio courts suddenly concluded that evidence was not "material" enough to have affected the trial.

I write to emphasize the relatively low burden that is "materiality" for purposes of *Brady* and *Strickland* v. *Washington*, 466 U. S. 668 (1984). To prove prejudice under both *Brady* and *Strickland*, a defendant must show "a reasonable probability" of a different outcome. *United States* v.

*Dominguez Benitez*, 542 U. S. 74, 82 (2004); *United States* v. *Bagley*, 473 U. S. 667, 682 (1985) (opinion of Blackmun, J.). We have repeatedly said that the "reasonable probability" standard is not the same as the "more likely than not" or "preponderance of the evidence" standard; it is a qualitatively lesser standard. *Kyles* v. *Whitley*, 514 U. S. 419, 434 (1995) (collecting cases); see also *Dominguez Benitez*, 542 U. S., at 83, n. 9; *Strickler* v. *Greene*, 527 U. S. 263, 298 (1999) (Souter, J., concurring in part and dissenting in part). In fact, it is "contrary to" our precedent to equate the "'reasonable probability'" materiality standard with the more-likely-than-not standard. *Williams* v. *Taylor*, 529 U. S. 362, 405–406 (2000).

The Sixth Circuit did not appropriately apply the materiality standard. Although the Sixth Circuit purported to recognize that the two standards were different, it simultaneously claimed that "'reasonable probability' for *Brady*'s purposes is *effectively the same* as a more-probable-than-not standard." *Chinn* v. *Warden*, 24 F. 4th 1096, 1103 (2022) (emphasis added). It further said that "[t]he *Brady* question now" before the court was "whether it is more probable than not that the withheld evidence would have created a different result." *Ibid.* That reasoning violated the spirit, if not the letter, of our many cases holding that the two standards are not the same and that "reasonable probability" is a lower standard. Indeed, it is unclear why *Strickland* would have spent the time it did considering but rejecting the "more likely than not" standard in favor of the "reasonable probability" standard for prejudice, 466 U. S., at 693–694, if courts could treat them as "effectively the same," 24 F. 4th, at 1103.

Because Chinn's life is on the line, and given the substantial likelihood that the suppressed records would have changed the outcome at trial based on the Ohio courts' own representations, see *Harrington* v. *Richter*, 562 U. S. 86, 112 (2011), I would summarily reverse to ensure that the Sixth Circuit conducts its materiality analysis under the proper standard.